IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) ) | CIVIL ACTION NO. |
| v. | ) ) | |
| EMCARE, INC. | ) ) ) ) | **COMPLAINT** |
| Defendant. | ) ) | JURY TRIAL DEMAND |

## NATURE OF THE ACTION

This an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and to provide relief to Gloria Stokes and aggrieved individuals Bonnie Shaw and Luke Trahan. The Commission alleges that Defendant, EmCare, Inc. (hereafter "Defendant"), violated Title VII by subjecting Gloria Stokes to a hostile work environment based upon her sex, female, and terminating her employment in retaliation for her opposition to the hostile work environment. The Commission further alleges that the Defendant violated Title VII by retaliating against aggrieved individuals Luke Trahan and Bonnie Shaw for their opposition to the hostile work environment.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §451, 1331, 1337, 1343, 1345. This action is authorized and instituted pursuant to Section 706(1)(f) and (3) of the

1

Civil Rights Act of 1964, as amended, ("Title VII"), 42 U.S.C §2000e-5(f) (1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981A.

2.  The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Texas.

## PARTIES

3.  Plaintiff, Equal Employment Opportunity Commission ("Commission"), is an agency of the United States of America charged with the administration, interpretation and enforcement of Title VII of the Civil Rights Act of 1964, as amended and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3).

4.  At all relevant times, Defendant has continuously been and is now doing business in the state of Texas and the city of Dallas, and has continuously had at least fifteen employees.

5.  At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §2000e-(b), (g) and (h).

## STATEMENT OF CLAIMS

6.  More than thirty days prior to the institution of this lawsuit, Gloria Stokes filed a charge with the Commission alleging violations of Title VII of the Civil Rights Act of 1964, as amended, by the Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7.  Gloria Stokes was employed by Defendant from approximately December 2008 to May 8, 2009. While employed, she was subjected to sexual harassment by her supervisor, James McKinney, and other male employees. The harassment included comments about female body

parts, reference to women in derogatory terms, and sexual jokes. This conduct amounts to a hostile work environment based upon sex, in violation of Section 703(a) (1) of Title VII, 42 U.S.C. §2000e-2(a)(1). The result of the foregoing practices has been to deprive Gloria Stokes of equal employment opportunities because of her sex.

8. On several occasions, Ms. Stokes also heard members of the Human Resources Department remark that they did not want employees coming to them with complaints. When Ms. Stokes opposed Mr. McKinney's sexually inappropriate conduct by advising him that he should watch his language and refusing to respond to Mr. McKinney's sexual remarks, Ms. Stokes was disciplined and ultimately fired. The act of firing Ms. Stokes for her participation in behavior that is protected under Title VII constitutes retaliation in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a).

9. Bonnie Shaw was employed by Defendant from approximately April 2009 to August 2009. While employed, she also witnessed Mr. McKinney's sexually inappropriate conduct. Ms. Shaw complained about Mr. McKinney's sexual conduct to the Human Resources Department, and was fired shortly thereafter. The HR Department never followed up on Ms. Shaw's complaint about Mr. McKinney. The act of firing Ms. Shaw for her participation in behavior that is protected under Title VII constitutes retaliation in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a).

10. Luke Trahan was employed by Defendant from December 2008 to approximately August 2009. While employed, he heard Mr. McKinney make sexual remarks and was a witness to Mr. McKinney's sexually inappropriate conduct. Mr. Trahan also complained about Mr. McKinney's sexually harassing behavior to the Human Resources Department and was fired shortly thereafter.

11.     The unlawful employment practices complained of in paragraphs 7-10 above were intentional.

12.     The unlawful employment practices complained of in paragraphs 7-10 above were done with malice or with reckless indifference to the federally protected rights of Gloria Stokes, Bonnie Shaw, and Luke Trahan.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all person in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of sex, or which facilitates, condones or encourages employees to create a hostile environment based upon sex.

B.     Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from subjecting its employees to retaliatory treatment in violation of Title VII.

C.     Order the Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for Gloria Stokes and eradicate the effects of its past and present unlawful unemployment practices.

D.     Order the Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for aggrieved individual Bonnie Shaw and eradicate the effects of its past and present unlawful unemployment practices.

E.     Order the Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for aggrieved individual Luke Trahan and eradicate the effects of its past and present unlawful unemployment practices.

F.   Order the Defendant to make whole Gloria Stokes by providing appropriate back pay with prejudgment interest, in amounts to be proved at trial, and other affirmative relief necessary to eradicate the effects of its unlawful practices, including but not limited to rightful-place reinstatement or front pay in lieu thereof.

G.   Order the Defendant to make whole Bonnie Shaw by providing appropriate back pay with prejudgment interest, in amounts to be proved at trial, and other affirmative relief necessary to eradicate the effects of its unlawful practices, including but not limited to rightful-place reinstatement or front pay in lieu thereof.

H.   Order the Defendant to make whole Luke Trahan by providing appropriate back pay with prejudgment interest, in amounts to be proved at trial, and other affirmative relief necessary to eradicate the effects of its unlawful practices, including but not limited to rightful-place reinstatement or front pay in lieu thereof

I.   Order the Defendant to make whole Gloria Stokes by providing appropriate pecuniary damages, including out-of-pocket expenses, and other affirmative relief necessary to eradicate the effects of the Defendant's unlawful employment practices.

J.   Order the Defendant to make whole aggrieved individual Bonnie Shaw by providing appropriate pecuniary damages, including out-of-pocket expenses, and other affirmative relief necessary to eradicate the effects of the Defendant's unlawful employment practices.

K.   Order the Defendant to make whole aggrieved individual Luke Trahan by providing appropriate pecuniary damages, including out-of-pocket expenses, and other affirmative relief necessary to eradicate the effects of the Defendant's unlawful employment practices.

  L. Order the Defendant to make whole Gloria Stokes by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices described in paragraphs 7 and 8 above, including but not limited to, emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life, in amounts to be determined at trial.

  M. Order the Defendant to make whole aggrieved individual Bonnie Shaw by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practice described in paragraph 9 above, including but not limited to, emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life, in amounts to be determined at trial.

  N. Order the Defendant to make whole aggrieved individual Luke Trahan by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practice described in paragraph 10 above, including but not limited to, emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life, in amounts to be determined at trial.

  O. Order the Defendant to pay Gloria Stokes punitive damages for its malicious conduct or reckless indifference to her federally protected rights as described in paragraphs 7 and 8 above, in an amount to be determined at trial.

  P. Order the Defendant to pay aggrieved individual Bonnie Shaw punitive damages for its malicious conduct or reckless indifference to her federally protected rights as described in paragraph 9 above, in an amount to be determined at trial.

   Q. Order the Defendant to pay aggrieved individual Luke Trahan punitive damages for its malicious conduct or reckless indifference to his federally protected rights as described in paragraph 10 above, in an amount to be determined at trial.

   R. Grant such further relief as the Court deems necessary and proper in the public interest.

   S. Award the Commission its costs in this action.

## **JURY TRIAL DEMAND**

The Commission requests a jury trial on all questions of fact raised by its Complaint.

        Respectfully submitted,

        P. DAVID LOPEZ
        General Counsel

        GWENDOLYN Y. REAMS
        Associate General Counsel


        /s Robert A. Canino
        _____

        ROBERT A. CANINO
        Regional Attorney
        Oklahoma State Bar No. 011782

        /s Suzanne M. Anderson
        _____

        SUZANNE M. ANDERSON
        Supervisory Trial Attorney
        Texas State Bar No. 14009470

        /s Meaghan L. Shepard
        _____

        MEAGHAN L. SHEPARD
        Trial Attorney
        Maryland Bar (No nos. assigned)


        EQUAL EMPLOYMENT OPPORTUNITY
        COMMISSION
        Dallas District Office
        207 Houston, 3rd Floor
        Dallas, Texas 75202
        (TEL)  (214) 253-2746
        (FAX) (214) 253-2749