IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff, AND GLORIA STOKES, Intervenor vs. EMCARE, INC., Defendant. | Civil Action No.  3:11-cv-02017-P |

**PLAINTIFF EQUAL EMPLOYMENT OPPORTUNITY COMMISSION'S AND INTERVENOR GLORIA STOKES'S PROPOSED JURY INSTRUCTIONS AND INTERROGATORIES**

Plaintiff the Equal Employment Opportunity Commission (hereinafter "EEOC" or "Plaintiff") and Intervenor Gloria Stokes (hereinafter "Intervenor" or "Stokes"), hereby file their Proposed Jury Instructions and Interrogatories in compliance with this Court's Scheduling Order of November 15, 2012.

**PLAINTIFF'S AND INTERVENOR'S PROPOSED JURY INSTRUCTION NO. 1**

**GENERAL POST-TRIAL INSTRUCTIONS**

**MEMBERS OF THE JURY:**

You have heard the evidence in this case.  I will now instruct you on the law that you must apply.  It is your duty to follow the law as I give it to you.  On the other hand, you the jury are the judges of the facts.  Do not consider any statement that I have made in the course of trial or make in these instructions as an indication that I have any opinion about the facts of this case.

You have heard the closing arguments of the attorneys.  Statements and arguments of the attorneys are not evidence and are not instructions on the law.  They are intended only to assist the jury in understanding the evidence and the parties' contentions.

Answer each question from the facts as you find them. Do not decide who you think should win and then answer the questions accordingly.  Your answers and your verdict must be unanimous.

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact, or whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people may forget some things or remember other things inaccurately.  So, if a witness has made a misstatement, you need to consider whether that misstatement was an

intentional falsehood or simply an innocent lapse of memory; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

While you should consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience.  In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in the case.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

There are two types of evidence that you may consider in properly finding the truth as to the facts in the case.  One is direct evidence—such as testimony of an eyewitness.  The other is indirect or circumstantial evidence—the proof of a chain of circumstances that indicates the existence or nonexistence of certain other facts.  As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

Any notes that you have taken during this trial are only aids to memory.  If your memory should differ from your notes, then you should rely on your memory and not on the notes.  The notes are not evidence.  A juror who has not taken notes should rely on his or her independent recollection of the evidence and should not be unduly influenced by

the notes of other jurors.  Notes are not entitled to any greater weight than the

recollection or impression of each juror about the testimony.

**AUTHORITY**:

Adapted from Fifth Circuit Pattern Jury Instructions, Sections 2.18, 2.20, and 3.1 (2006)

**GIVEN AS REQUESTED**    _____

**GIVEN AS MODIFIED**      _____

**REFUSED**                _____

**WITHDRAWN**              _____


_____
**UNITED STATES DISTRICT JUDGE**

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 2**

<u>**STIPULATIONS OF FACT**</u>

Before the trial of the case the parties entered into certain stipulations or agreements, in which they agreed that facts could be taken as true without further proof. You must treat these facts as having been proved. The Court then issued a Pretrial Order incorporating these stipulations. The parties have stipulated, or agreed that the following are facts:

1. All prerequisites to the filing of suit have been met.

2. The Court has jurisdiction over this case and the parties.

3. Defendant has employed more than 500 employees in each of the 20 or more calendar weeks in the current or preceding calendar year.

4. At all relevant times, the Defendant has been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

5. Gloria ("Mikki") Stokes was accepted employment as the Executive Assistant to Jim McKinney on November 14, 2008. Her first day of work at EmCare was December 1, 2008.

6. On April 25, 2009, Stokes was notified that her employment was being terminated effective May 8, 2009.

7. After her termination from EmCare, Stokes did temporary work for approximately 90 days,

8.     Stokes then worked for Child Care Associates as an Executive Assistant from September 2009 to December 2010. From May 16, 2011 to June 29, 2012, Stokes was employed through Office Team, a temporary company, doing Administrative Assistant work for Ares Management.

9.     From May 14, 2012 through June 29, 2012, Stokes was again employed through Office Team doing Administrative Assistant work for Ares Management.

10.    Yvonne ("Bonnie") Shaw was employed by EmCare from April 8, 2009 until August 20, 2009. Her supervisor was Sean Richardson.

11.    After being terminated by EmCare, Shaw went to work at Physiotherapy Associates from approximately November 2009 until approximately August 2010.

12.    In August 2010, Shaw went to work for McKesson and remained there until June 2011.

13.    In June 2011, Shaw went to work for Methodist Hospital.  She remained in that position through July 2012.

14.    In July 2012, Shaw was hired by Baylor Healthcare Systems. She remains in that position.

15.    Luke Trahan was employed by EmCare from November 2008 through August 20, 2009.

16.    After being terminated by EmCare, Trahan began working for StaffCare in September 2009.

**<u>AUTHORITY</u>**

**PLAINTIFF AND INTERVENOR'S PROPOSED JURY INSTRUCTIONS**                6
**AND INTERROGATORIES**

Fifth Circuit Pattern Jury Instructions, 2.3; Federal Jury Practice and Instructions, O'Malley, Grenig, Lee, 102.11 (2000); Devitt, Blackmar and Wolf, Federal Jury Practice and Instructions, Section 70.05.

**GIVEN AS REQUESTED**   _____

**GIVEN AS MODIFIED**    _____

**REFUSED**              _____

**WITHDRAWN**            _____

**PLAINTIFF'S AND INTERVENOR'S PROPOSED JURY INSTRUCTION NO. 3**

**<u>PREPONDERANCE OF THE EVIDENCE</u>**

You must answer all questions from a preponderance of the evidence. By this is meant the greater weight and degree of credible evidence before you. In other words, a preponderance of the evidence just means the amount of evidence that persuades you that a claim is more likely so than not so.

When more than one claim for damages is involved, you should consider each claim for damages separately; but in deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

In this case, the Plaintiff and Intervenor must prove every essential part of their claims by a preponderance of the evidence. The Defendant must prove every essential part of its affirmative defenses by a preponderance of the evidence.

**<u>AUTHORITY</u>**:

Adapted from Fifth Circuit Pattern Jury Instructions, Sections 2.18, 2.20, and 3.1 (2006)

**GIVEN AS REQUESTED**   _____

**GIVEN AS MODIFIED**   _____

**REFUSED**   _____

**WITHDRAWN**   _____

_____
**UNITED STATES DISTRICT JUDGE**

**PLAINTIFF'S AND INTERVENOR'S PROPOSED JURY INSTRUCTION NO. 4**

**CREDIBILITY OF WITNESSES**

You are the sole judges of the credibility of each witness and the weight to be given to the witness' testimony. You may be guided by the appearance and conduct of the witness, or by the manner in which the witness testifies, or by the character of the testimony given, or by evidence contrary to the testimony.

You should carefully examine all the testimony given, the circumstances under which each witness has testified and every matter in evidence tending to show whether a witness is worthy of belief. Consider each witness' intelligence, motive and state of mind, and demeanor or manner while testifying.

Consider the witness' ability to observe the matters as to which the witness has testified, and whether the witness impresses you as having an accurate recollection of these matters. Also, consider any relation each witness may have with either side of the case, the manner in which each witness might be affected by the verdict, and the extent to which the testimony of each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness or between the testimony of different witnesses may or may not cause you to discredit such testimony. Two or more persons seeing an event may see or hear it differently.

In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such weight, if any, that you may think it deserves.  In short, you may accept or reject the testimony of any witness, in whole or in part.

Also, the weight of the evidence is not necessarily determined by the number of witnesses testifying as to the existence or nonexistence of any fact.  You may find that the testimony of a smaller number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

**AUTHORITY**:

Adapted from Federal Jury Practice and Instructions, O'Malley, Grenig, Lee, 105.01 (2000).

**GIVEN AS REQUESTED**   _____

**GIVEN AS MODIFIED**    _____

**REFUSED**              _____

**WITHDRAWN**            _____


_____
**UNITED STATES DISTRICT JUDGE**

**PLAINTIFF'S AND INTERVENOR'S PROPOSED JURY INSTRUCTION NO. 5**

**IMPEACHMENT BY WITNESSES' INCONSISTENT STATEMENTS**

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely about some important fact, or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something that was different from the testimony he gave at the trial. You should remember that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth. People may tend to forget some things or remember other things inaccurately. If a witness has made a misstatement, you must consider whether it was simply an innocent lapse of memory or an intentional falsehood, and that may depend upon whether it concerns an important fact or an unimportant detail.

**AUTHORITY**:

Adapted from Fifth Circuit Pattern Jury Instructions, 2.16 (2006).

**GIVEN AS REQUESTED**   _____

**GIVEN AS MODIFIED**   _____

**REFUSED**   _____

**WITHDRAWN**   _____


_____

**UNITED STATES DISTRICT JUDGE**

**PLAINTIFF'S AND INTERVENOR'S PROPOSED JURY INSTRUCTION NO. 6**

**JURY DELIBERATIONS**

When you retire to the jury room to deliberate, you may take with you this charge and the exhibits that the Court has admitted into evidence. Select your Foreperson and conduct your deliberations. If you recess during your deliberations, follow all of the instructions that I have given you concerning your conduct during the trial. After you have reached your unanimous verdict, your Foreperson must fill in your answers to the written questions and sign and date the verdict form. Return this charge together with your written answers to the questions. Unless I direct you otherwise, do not reveal your answers until such time as you are discharged. You must never disclose to anyone, not even to me, your numerical division on any question.

If you want to communicate with me at any time, please give a written message to the bailiff, who will bring it to me. I will then respond as promptly as possible either in writing or by meeting with you in the courtroom. I will always first show the attorneys your question and my response before I answer your questions.

After you have reached a verdict, you are not required to talk with anyone about the case unless I order you to do so.

**AUTHORITY**:

Adapted from Fifth Circuit Pattern Jury Instructions, Section 2.12 (2006).

**GIVEN AS REQUESTED**      _____

**GIVEN AS MODIFIED**      _____

**REFUSED**      _____

**WITHDRAWN**      _____

_____
**UNITED STATES DISTRICT JUDGE**

**PLAINTIFF'S AND INTERVENOR'S PROPOSED JURY INSTRUCTION NO. 7**

**ROLE OF THE EEOC IN ENFORCEMENT TITLE VII**

The Equal Employment Opportunity Commission ("EEOC") is the Plaintiff in this case. EEOC is the federal agency responsible for enforcing federal laws prohibiting employment discrimination, including Title VII of the Civil Rights Act of 1964 ("Title VII").  Title VII prohibits discrimination based on sex including sexual harassment. Title VII also prohibits retaliation against a person because they opposed discrimination or made a complaint about discrimination in the workplace. EEOC acts in the public interest in enforcing Title VII.

A person who believes an employer has discriminated against her may file a charge of discrimination with the EEOC.  After EEOC investigates a charge of discrimination, it may file a lawsuit against an employer to end the discrimination and obtain monetary relief for persons harmed by the discrimination.

**AUTHORITY:**

Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-e17; *EEOC v. Waffle House*, 534 U.S. 279, 287-88, 291 (2002); *Gen. Tel. Co. of the Northwest, Inc. v. EEOC*, 446 U.S. 318, 323-26 (1980); *Richardson v. Comm'n on Human Rights & Opportunities*, 532 F.3d 114 (2d Cir. 2008).


**GIVEN AS REQUESTED**   _____

**GIVEN AS MODIFIED**   _____

**REFUSED**   _____

**WITHDRAWN**   _____


_____
**UNITED STATES DISTRICT JUDGE**

**PLAINTIFF'S AND INTERVENOR'S PROPOSED JURY INSTRUCTION NO. 8**

**SEXUALLY HOSTILE WORK ENVIRONMENT BY NON-SUPERVISORS**

Plaintiff EEOC and Intervenor Stokes allege that, during Ms. Stokes's employment with the Defendant, she was subjected to a sexually hostile work environment by a non-supervisory co-worker. To succeed on these claims, EEOC must prove the following by a preponderance of the evidence:

1. Ms. Stokes was subjected to unwelcome harassment, including but not limited to comments, based on her sex, female;

2. The harassment was sufficiently severe or pervasive that a reasonable woman in Stokes's position would find the work environment to be hostile or abusive;

3. Ms. Stokes believed that the harassment made her work environment hostile or abusive;

4. The Defendant knew or should have known about the sexual harassment; and

5. The Defendant failed to exercise reasonable care to prevent and correct the sexual harassment.

To decide whether a reasonable woman would find Ms. Stokes's work environment hostile or abusive, you must look at the totality of the circumstances. Factors to consider may include the frequency of the conduct, its severity, its duration, whether the behavior was physically threatening or humiliating, and whether it unreasonably interfered with Ms. Stokes's work performance. You should consider the "totality of the circumstances," and you should not separate the harassment into individual or isolated events. To single factor is required to conclude that a work environment was hostile or abusive. There is no specific number of harassing acts or

comments that must be committed before you may reasonably find that a hostile environment exists.

Although sexual harassment must be based on sex, it need not be motivated by sexual desire. Sexual harassment may include extremely insensitive conduct because of sex. Simple teasing, offhand comments, sporadic use of offensive language, occasional sex-related jokes, and isolated incidents (unless they are serious) will generally not amount to discriminatory changes in the terms and conditions of employment. Moreover, comments need not be directed toward Gloria Stokes herself in order to establish a hostile work environment.

In order to show that the Defendant knew or should have known about the harassment, EEOC and Intervenor must prove that (a) the harassment was known or communicated to a person who had the authority to receive, address, or report the complaint, or; (b) the harassment was so open and obvious that the Defendant should have know of it.

If you find that the EEOC and Intervenor have proven the elements above, you must find that Ms. Stokes was subjected to a sexually hostile work environment.

## AUTHORITY:

Fifth Circuit Labor and Employment Law Pattern Jury Charges (2009), *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 66-67 (1986), *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21-23 (1993), *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 80-81 (1998), *Williamson v. City of Houston*, 148 F.3d 462, 466-67 (5th Cir. 1998), *Nash v. Electro Sys., Inc.*, 9 F.3d 401, 404 (5th Cir. 1993), *Sharp v. City of Houston*, 164 F.3d 923, 928-29 (5th Cir. 1986), *Pfau v. Reed*, 125 F.3d 929 (5th Cir. 1997).


**GIVEN AS REQUESTED**   _____

**GIVEN AS MODIFIED**   _____

**REFUSED**   _____

**WITHDRAWN** _____

_____

**UNITED STATES DISTRICT JUDGE**

**PLAINTIFF'S AND INTERVENOR'S PROPOSED JURY INSTRUCTION NO. 9**

**SEXUALLY HOSTILE WORK ENVIRONMENT BY SUPERVISORS**

Plaintiff EEOC and Intervenor Stokes claim that some of the sexual harassment to which Ms. Stokes was subjected was by EmCare supervisors.

To decide if the harasser was a supervisor, you must determine whether the individual in question had the authority to recommend tangible employment actions against Ms. Stokes, even if such action was not actually taken. Tangible employment actions include, but are not limited to, hiring, firing, demotion, transfer, and/or discipline.

If you find that any of the harassers was a "supervisor" at the time he engaged in the harassment, the EEOC and Intervenor need only prove that:

1. Ms. Stokes was subjected to unwelcome harassment, including but not limited to comments, based on her sex, female;

2. The harassment was sufficiently severe or pervasive that a reasonable woman in Stokes's position would find the work environment to be hostile or abusive; and,

3. Ms. Stokes believed that the harassment made her work environment hostile or abusive.

If you find that EEOC and Intervenor has proved sexual harassment by a supervisor, you must find for EEOC and Intervenor unless EmCare can prove by a preponderance of the evidence that:

a) It exercised reasonable care to prevent and promptly correct any harassing behavior, and

b) Ms. Stokes unreasonably failed to take advantage of any preventive or

corrective opportunities provided by EmCare, or to avoid harm otherwise.

If Defendant proves both (a) and (b), you must find for Defendant on the sexual

harassment claim.

## **AUTHORITY:**

Fifth Circuit Labor and Employment Law Pattern Jury Charges (2009), *Vance v. Ball State Univ.*, 133 S.Ct. 2434 (2013), *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 758 (1998), *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 66-67 (1986), *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 81 (1998), *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 765 (1998).


**GIVEN AS REQUESTED**    _____

**GIVEN AS MODIFIED**    _____

**REFUSED**            _____

**WITHDRAWN**          _____


**_____**

**UNITED STATES DISTRICT JUDGE**

**PLAINTIFF'S AND INTERVENOR'S PROPOSED JURY INSTRUCTION NO. 10**

**RETALIATION FOR ACTIVITY PROTECTED UNDER TITLE VII**

Plaintiff EEOC and Intervenor Stokes allege that Ms. Stokes's employment with the Defendant was terminated because she opposed the sexually hostile work environment to which she was exposed.  Plaintiff EEOC further alleges that Ms. Shaw and Mr. Trahan were also fired for their opposition to the sexually hostile work environment at EmCare, Inc.

Title VII makes it unlawful for an employer to retaliate against an employee who has engaged in activity protected by Title VII.  Protected activity includes opposing an employment practice that is unlawful under Title VII, making a charge of discrimination, or testifying, assisting, or participating in any manner in an investigation, proceeding, or hearing under Title VII.  If the claim is for opposing an employment practice, Plaintiff and Intervenor must prove that Ms. Stokes, Ms. Shaw, and Mr. Trahan had at least a reasonable belief that the practice was unlawful under Title VII.

To succeed in their claims of unlawful retaliation, Plaintiff and Intervenor must prove by a preponderance of the evidence that the Defendant fired Ms. Stokes, Ms. Shaw, and Mr. Trahan because they engaged in protected activity.

If you disbelieve the reason(s) Defendant has given for its decision to fire Ms. Stokes, Ms. Shaw, and/or Mr. Trahan, you may infer Defendant terminated them because they engaged in protected activity.

**AUTHORITY:**

Fifth Circuit Labor and Employment Law Pattern Jury Charges (2009), 42 U.S.C. § 2000e-3, *Univ. of Tex. Southwestern Medical Ctr. v. Nassar*, 133 S.Ct. 2517 (2013), *Mota v. Univ. of Tex. Houston Health Sci. Ctr.*, 261 F.3d 512, 520 (5th Cir. 2001), *Long v. Eastfield Coll.*, 88 F.3d 300, 304 (5th Cir. 1996), *Ratliff v. City of Gainesville*, 256 F.3d

355, 359-62 (5th Cir. 2001), *Taylor v. United Parcel Serv., Inc.*, 554 F.3d 510, 523 (5th Cir. 2008)

**GIVEN AS REQUESTED**      _____

**GIVEN AS MODIFIED**       _____

**REFUSED**                 _____

**WITHDRAWN**               _____


_____
**UNITED STATES DISTRICT JUDGE**

**PLAINTIFF'S AND INTERVENOR'S PROPOSED JURY INSTRUCTION NO. 11**

**ACTIONS BY AGENTS OF A CORPORATION**

The Defendant in this case is a corporation.  A corporation may act only through natural persons as its agents or employees.  The law holds, therefore, that EmCare, Inc., is responsible for any unlawful acts of its officers, employees, managing agents, or any other agents made while acting within the scope of the authority given to them by the corporation, as would usually be the case if done in the ordinary course of the corporation's business.

Evidence that an act was done as part of the Defendant's business or as a part of the job assigned to an officer or employee is sufficient for you to conclude that the act was authorized by the Defendant corporation.

**AUTHORITY:**

Federal Jury Practice and Instructions, O'Malley, Grenig & Lee, Section 108.01(2000); Devitt and Blackmar, Section 90.11

**GIVEN AS REQUESTED**   _____

**GIVEN AS MODIFIED**   _____

**REFUSED**   _____

**WITHDRAWN**   _____

_____
**UNITED STATES DISTRICT JUDGE**

## <u>PLAINTIFF'S AND INTERVENOR'S PROPOSED JURY INSTRUCTION NO. 12</u>

## <u>DAMAGES</u>

If you find that Defendant violated Title VII, then you must determine whether Defendant has caused Gloria Stokes, Yvonne Shaw, and Luke Trahan damages and, if so, the amount of those damages. Damages must be proved by a preponderance of the evidence. Although your award must be based on evidence and not speculation or guesswork, the EEOC need not prove the amount of damages for each victim of discrimination with mathematical precision, but only with as much definitiveness and accuracy as the circumstances permit.

The EEOC and Intervenor seek the following elements of damages: (1) back pay; (2) non-pecuniary compensatory damages, which include emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses; and (3) punitive damages and (4) Costs and reasonable attorneys' fees.

## <u>AUTHORITY:</u>

*United States v. U. S. Steel,* 520 F.2d 1043, 1050 (5th Cir. 1975); *Pollard v. E.I. DuPont de Nemours & Co.,* 532 U.S. 843 (2001).

**GIVEN AS REQUESTED** _____

**GIVEN AS MODIFIED** _____

**REFUSED** _____

**WITHDRAWN** _____

_____
**UNITED STATES DISTRICT JUDGE**

## PLAINTIFF'S AND INTERVENOR'S PROPOSED JURY INSTRUCTION NO. 13

## BACKPAY AND LOST BENEFITS

If you find by a preponderance of the evidence that the Defendant terminated Gloria Stokes, Yvonne Shaw, and/or Luke Trahan from  EmCare, Inc. because of their opposition to or complaints about discrimination or sex harassment in the workplace, then you must determine what, if any, sum of money each one of them is entitled to receive in damages for backpay and lost benefits.

Back pay is the amount of money Ms. Stokes, Ms. Shaw, and Mr. Trahan would have earned at EmCare, Inc. from the date of their termination through the day of trial had they remained employed by the company. In calculating the back pay each would have earned from the Defendant, any uncertainties in determining what he/she would have received, but for the discrimination, should be resolved against the Defendant. Interest, overtime, salary increases, shift differentials, and fringe benefits such as vacation and sick pay are among the items which should be included in back pay and lost benefits. You should also consider all other benefits that Ms. Stokes, Ms. Shaw, and Mr. Trahan would have received if EmCare, Inc. had not discriminated against them.

You are not required to calculate back pay with mathematical certainty. You may make an estimate of the amount of money that will constitute just and reasonable compensation based on the facts that are before you. However, any back pay issues that are unclear should be resolved in favor of the EEOC.

## AUTHORITY:

*Ford Motor Co. v. EEOC*, 458 U.S. 219 (1982); *Guthrie v. J.C. Penney Co., Inc.*, 803 F.2d 202, 209 (5th Cir. 1986); *Maxfield v. Sinclair Intl.*, 766 F.2d 788, 793-94 (3rd Cir. 1985), *cert. denied* 474 U.S. 1057; *Merriweather v. Hercules, Inc.*, 631 F.2d 1161 (5th

Cir. 1980); *Marshall v. Goodyear Tire & Rubber Co.*, 554 F.2d 730, 736 (5th Cir. 1977); *Pettaway v. American Cast Iron Pipe Co.*, 494 F.2d 211, 251-263 (5th Cir. 1964) (interest, overtime, fringe benefits, sick leave and vacation time should be included in the calculation of backpay); *Harkless v. Sweeny School Dist.*, 466 F.Supp. 457 (S.D. Tex.), aff'd 608 F.2d 594 (5th Cir. 1979).

**GIVEN:**               _____

**WITHDRAWN:**        _____

**REFUSED:**            _____

**MODIFIED:**           _____

_____

**UNITED STATES DISTRICT JUDGE**

## PLAINTIFF'S AND INTERVENOR'S PROPOSED JURY INSTRUCTION NO. 14

## COMPENSATORY DAMAGES

The purpose of compensatory damages is to make these individuals whole – that is, to compensate them for the mental and emotional damages which they have suffered as a consequence of Defendant's illegal conduct.

The EEOC and Intervenor assert that as a result of Defendant's unlawful treatment of Gloria Stokes, Yvonne Shaw, and Luke Trahan, these individuals have suffered from emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other mental and emotional pain. Emotional harm may manifest itself, for example, as sleeplessness, anxiety, stress, high blood pressure, depression, anger, humiliation, distress, loss of self esteem, or excessive fatigue. Corroborating medical evidence testimony at trial is not necessary to prove a claim for non-pecuniary compensatory damages, although you can take into account medical documentary and testimonial evidence where provided.

If you find that the EEOC and Intervenor have proven by a preponderance of the evidence that Gloria Stokes, Yvonne Shaw and/or Luke Trahan have suffered from mental or emotional distress, then you must determine an amount that is fair compensation for each one of their damages. No evidence of the monetary value of such intangible things needs to be introduced into evidence. No exact standard exists for fixing the compensation to be awarded for these elements of damages. The damages that you award must be fair compensation – no more and no less. The award you make should be fair in light of the evidence. Computing these awards may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law

does not require EEOC or Intervenor to prove the amount of compensatory damages with

mathematical precision, but only with as much definiteness and accuracy as the

circumstances permit.

**AUTHORITY**:

*Oden v. Oktibbeha County, Mississippi*, 246 F.3d 458, 470-471 (5th Cir. 2001)(Plaintiff's testimony of stress, sleeplessness, betrayal and shame enough to support jury verdict); *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998) (medical documents and testimony not necessary).

**GIVEN:**              _____

**WITHDRAWN:**          _____

**REFUSED:**            _____

**MODIFIED:**           _____


_____
**UNITED STATES DISTRICT JUDGE**

## <u>PLAINTIFF'S AND INTERVENOR'S PROPOSED JURY INSTRUCTION NO. 15</u>

## <u>PUNITIVE DAMAGES</u>

In addition to the claims for damages already mentioned, you should consider whether Gloria Stokes, Yvonne Shaw, and/or Luke Trahan are entitled to punitive damages. Punitive damages are those damages designed to punish a defendant and to deter a defendant and others from engaging in similar conduct in the future.

You may award these damages if you determine by a preponderance of the evidence that the Defendant's acts were done with malice or with reckless indifference to the federally protected rights of Gloria Stokes, Yvonne Shaw, and/or Luke Trahan. Malicious conduct is the intentional doing of a wrongful act with knowledge that the act was wrongful. Reckless disregard is when an act is done with a lack of concern for the consequences of the action. The availability of punitive damages to Stokes, Shaw and Trahan turns on the Defendant's state of mind, not on the nature of its egregious conduct. The Defendant can be held liable for punitive damages if you find by a preponderance of the evidence that the Defendant's officials were familiar with Title VII law prohibiting sexual harassment and retaliation, but that despite that familiarity, the Defendant subjected Stokes, Shaw and Trahan to discrimination.

If you determine that the facts justify an award of punitive damages, you should try to determine a fair, just, and reasonable amount for each of the individual victims of discrimination.

## <u>AUTHORITY</u>:

Fifth Circuit Labor and Employment Law Pattern Jury Instructions (2009); *Kolstad v. American Dental Ass'n*, 527 U.S. 526, 119 S. Ct. 2118, 2124 and 2128-29 (1999); *Irvine v. El Paso Healthcare Sys.*, 250 F.3d 744 (5th Cir. 2001); *Deffenbaugh-Williams v. Wal-Mart Stores, Inc.,* 188 F.3d 278, 284 n.4 (5th Cir. 1999); *EEOC v. Service Temps*, 2010

WL 5108733 *8 (N.D. Tex. 2010); *Griffin v. Citgo Petrol. Corp.*, 2008 WL 4642897 *5 (W.D. La. 2008); *Tisdale v. Fed. Express Corp.*, 415 F.3d 516 (6th Cir. 2005); EEOC Regulations, 29 C.F.R. § 1602.14; 42 U.S.C. §1981A(b)(1);; *Hardin v. Caterpillar, Inc.*, 227 F.3d 268 (5th Cir. 2000); *Burns v. Texas Refining, Inc.*, 890 F.2d 747 (5th Cir. 1989) *EEOC v. Stocks, Inc.* 228 Fed. Appx. 429 (5th Cir. 2007)(Defendant's state of mind); *Schexnayder v,. Bonfiglio,* 2006 WL 25963 (5th Cir. 2006)(familiarity with Title VII)

**GIVEN:**                _____

**WITHDRAWN:**      _____

**REFUSED:**           _____

**MODIFIED:**        _____


_____
**UNITED STATES DISTRICT JUDGE**

**PLAINTIFF'S AND INTERVENOR'S PROPOSED JURY INSTRUCTION NO. 16**

**DUTY TO DELIBERATE**

It is your sworn duty, as jurors, to discuss the case with one another in an effort to reach agreement, if you can do so.  You must each decide the case for yourself, but only after an impartial consideration of all of the evidence in the case with your fellow jurors.  In the course of your deliberations, do not hesitate to re-examine your own views, and change your opinion, if you are convinced it is wrong.  But do not surrender your honest convictions to the weight or effect of evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times that you are not partisans.  You are judges -- judges of the facts.  Your sole interest is to seek the truth from the evidence in this case.

**AUTHORITY**:

Adapted from Fifth Circuit Pattern Jury Instructions, 2.11 (2004); Federal Jury Practice and Instructions, O'Malley, Grenig, Lee, 106.01 (2000).

**GIVEN AS REQUESTED**      _____

**GIVEN AS MODIFIED**       _____

**REFUSED**                 _____

**WITHDRAWN**               _____


_____
**UNITED STATES DISTRICT JUDGE**

## JURY INTERROGATORIES

*Gloria Stokes*
## JURY INTERROGATORY 1:

Do you find by a preponderance of the evidence that Gloria Stokes was sexually harassed by a non-supervisory co-worker?

Yes _____ No _____

*If you answered Yes to Interrogatory 1, proceed to Interrogatory 2.*
*If you answered No to Interrogatory 1, proceed to Interrogatory 3.*

## JURY INTERROGATORY 2:

    A.   Do you find by a preponderance of the evidence that the Defendant knew or should have known about the sexual harassment?

        Yes   _____ No _____

    B.  Do you find by a preponderance of the evidence that the Defendant failed to exercise reasonable care to prevent and correct the sexual harassment.

        Yes   _____ No _____

## JURY INTERROGATORY NO. 3:

Do you find by a preponderance of the evidence that Gloria Stokes was sexually harassed by a supervisor?

Yes _____ No _____

*If you answered Yes to Interrogatory 3, proceed to answer Interrogatory No. 4.*
*If you answered No to Interrogatory 3, proceed to Interrogatory 5.*

## JURY INTERROGATORY NO. 4:

    A.  Do you find by a preponderance of the evidence that the Defendant exercised reasonable care to prevent and promptly correct any sexually harassing behavior?

Yes _____ No _____

B. Do you find by a preponderance of the evidence that Gloria Stokes unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendant, or to avoid harm otherwise?

Yes _____ No _____

## JURY INTERROGATORY 5:

Do you find by a preponderance of the evidence that the Defendant terminated Gloria Stokes in retaliation because she complained about or opposed sexual harassment or discrimination in the workplace?

Yes _____ No _____

***If you answered Yes to Interrogatory 5, proceed to Interrogatory 6, 7, 8 and 9.***
***If you answered No to Interrogatory 5, but Yes to Interrogatory 3, proceed to Interrogatories 7, 8 and 9.***
***If you answered No to Interrogatory 3 and No to Interrogatory 5, proceed to Interrogatory 10.***

## JURY INTERROGATORY 6:

To what amount of back pay is Gloria Stokes entitled for lost wages and benefits because the Defendant terminated her?

$_____

## JURY INTERROGATORY NO. 7:

Do you find by a preponderance of the evidence that Gloria Stokes should be awarded compensatory damages to compensate her for emotional pain, suffering, mental anguish and loss of enjoyment of life caused by the Defendant's conduct?

Yes _____ No _____
\

If your answer is Yes, in what amount? _____

**JURY INTERROGATORY 8:**

Do you find that the Defendant acted with malice or with reckless indifference to the federally protected rights of Gloria Stokes?

Yes     _____   No _____

If your answer is Yes, what amount of punitive damages should be assessed against Defendant?

$ _____

**JURY INTERROGATORY NO. 9:**

What is a reasonable fee for the necessary services of Gloria Stokes's attorney, stated in dollars and cents?

Answer with an amount for each of the following:

       a.   For preparation and trial.

       Answer: _____

       b.   For an appeal to the Court of Appeals.

       Answer: _____

       c.   For an appeal to the Supreme Court of the United States.

       Answer: _____

*Yvonne Shaw*
**JURY INTERROGATORY 10:**

Do you find by a preponderance of the evidence that the Defendant terminated Yvonne Shaw in retaliation because she complained about or opposed sexual harassment or discrimination in the workplace?

Yes     _____   No _____

*If you answered Yes to Interrogatory 9, proceed to Interrogatory 10, 11 and 12.*
*If you answered No to Interrogatory 9, proceed to Interrogatory 13.*

**JURY INTERROGATORY 11:**

To what amount of back pay is Yvonne Shaw entitled for lost wages and benefits because the Defendant terminated her?

$_____

**JURY INTERROGATORY NO. 12:**

Do you find by a preponderance of the evidence that Yvonne Shaw should be awarded compensatory damages to compensate her for emotional pain, suffering, mental anguish and loss of enjoyment of life caused by the Defendant's conduct?

Yes  _____  No  _____
\

If your answer is Yes, in what amount?     _____

**JURY INTERROGATORY 13:**

Do you find that the Defendant acted with malice or with reckless indifference to the federally protected rights of Yvonne Shaw?

Yes  _____  No  _____

If your answer is Yes, what amount of punitive damages should be assessed against Defendant?

$ _____

*Luke Trahan*
**JURY INTERROGATORY 14:**

Do you find by a preponderance of the evidence that the Defendant terminated Luke Trahan in retaliation because he complained about or opposed sexual harassment or discrimination in the workplace?

Yes  _____  No  _____

*If you answered Yes to Interrogatory 13, proceed to Interrogatory No. 14, 15 and 16*
*If you answered No to Interrogatory 13, then do not answer any additional*
*Interrogatories.*

**JURY INTERROGATORY 15:**

To what amount of back pay is Luke Trahan entitled for lost wages and benefits because the Defendant terminated him?

$_____

**JURY INTERROGATORY NO. 16:**

Do you find by a preponderance of the evidence that Luke Trahan should be awarded compensatory damages to compensate him for emotional pain, suffering, mental anguish and loss of enjoyment of life caused by the Defendant's conduct?

Yes   _____ No _____
\

If your answer is Yes, in what amount?      _____

**JURY INTERROGATORY 17:**

Do you find that the Defendant acted with malice or with reckless indifference to the federally protected rights of Luke Trahan?

Yes      _____ No _____

If your answer is Yes, what amount of punitive damages should be assessed against Defendant?

$ _____

**SIGNED** this _____ day of _____, 2013



_____
**HON. JORGE A. SOLIS**
**UNITED STATES DISTRICT JUDGE**


**RESPECTFULLY SUBMITTED AND**
**APPROVED BY:**

FOR THE PLAINTIFF

ROBERT A. CANINO
Regional Attorney
Oklahoma State Bar No. 011782

/s/ Suzanne M. Anderson
SUZANNE M. ANDERSON
Supervisory Trial Attorney
Texas State Bar No.  14009470

/s/ Meaghan L. Shepard
MEAGHAN L. SHEPARD
Trial Attorney
Maryland Bar (No numbers assigned)

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Dallas District Office
207 South Houston Street, 3rd floor
Dallas, Texas 75202
TEL (214) 253-2746
FAX (214) 253-2749


FOR THE INTERVENOR GLORIA STOKES

/s/ Laura Hallmon
Laura Hallmon
Texas State Bar No. 24004312

FIELDING, PARKER & HALLMON, LLP
6001 Bridge Street
Suite 102
Ft Worth, TX  76112
817.446-8080
817.446-8084 (Fax)


## CERTIFICATE OF SERVICE

This is to certify that on this, the 12th day of July 2013, I electronically transmitted the attached document to the Clerk of the Court using the ECF system of filing, which will transmit a Notice of the Electronic Filing to Defendant's counsel, an ECF registrant.


/s/ Meaghan L. Shepard
MEAGHAN L. SHEPARD