## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | § § § | |
| **Plaintiff** | § § | |
| **and** | § § | |
| **GLORIA STOKES,** | § § | **CIVIL ACTION NO. 3:11-cv-02017-P ECF** |
| **Intervenor and Plaintiff** | § § | |
| **v.** | § § § | |
| **EMCARE, INC.,** | § § | |
| **Defendant.** | § | |

---

## INTERVENING PLAINTIFF'S VOIR DIRE

---

Intervening Plaintiff Gloria Stokes submits her proposed voir dire. Depending on the answers provided to any given question, Intervening Plaintiff requests permission to ask additional follow-up questions.

1.    Introduction of participants in the trial.

2.    Does anybody on the panel know any of these people or corporations? If so, describe.

3.    Has anybody on the panel ever done business with any of these people or companies?

4.    Explain voir dire process.

5.    Ever worked in the physician staffing industry?

6.    Ever supervised others?

7.    Ever responsible for hiring or firing others?

8.    Ever been treated unfairly by an employer?

9.    Ever been fired from a job?

10.   Company acts through employees. Any problem with returning a verdict against a company based on the acts of its employees?

11.   This is a case involving sex discrimination and unlawful retaliation. Ms. Stokes believes that she was discriminated against because of her sex and that she was retaliated against when she complained to the Company about it. Does anyone believe that employers should be allowed to discriminate against their employees on the basis of sex?

12.   Does anyone believe that employers should be allowed to retaliate against their employees who complain about discrimination?

13.   Does anyone believe that the law has gone too far in prohibiting discrimination?

14.   Anybody have a problem with the concept that companies will sometimes engage in unlawful discrimination or retaliation and then make up other reasons for their actions?

15.   Anyone ever accused of firing or disciplining an employee for a discriminatory reason?

16.   Ever observed what you considered to be discrimination in the workplace?

17.   Ever seen someone accused falsely of discrimination?

18.    We rarely find anybody who will admit to discrimination.  There is almost always a "swearing match".  You will be asked to decide who is telling the truth.  Anybody have any problem with accepting this responsibility?

19.    One way to decide who is telling the truth is to hear from others who have experienced similar treatment at the hands of the alleged perpetrator. Anybody have any problem with deciding credibility on such a basis?

20.    There is rarely any direct evidence of an employer's motive in discrimination cases - you must normally use circumstantial evidence. Explain the difference between direct evidence and circumstantial evidence.  Anybody feel uncomfortable about being able to base a verdict on circumstantial evidence?

21.    If you find that discrimination or retaliation has occurred, you may also be asked to determine damages.  Explain back pay. (Includes fringe benefits.)

22.    If the facts show that Ms. Stokes has suffered losses of several thousand dollars, could you award such an amount of damages?

23.    Punitive damages are damages awarded against a Defendant in order to punish it for its bad acts and also to discourage it from engaging in those acts again in the future. If you find that the facts support it, would you be willing to award punitive damages against EmCare?

24.    Explain the role of lawyers in a trial.  They cannot talk with you during trial.  They are not trying to be unfriendly, they are just following the rules.

    Plaintiff hereby reserves the right to request additional questions which are not on this list depending on the answers given by the prospective jurors.

Respectfully submitted,

/s/ Laura Hallmon
Laura H. Hallmon
Texas Bar No. 24004312

FIELDING, PARKER & HALLMON, L.L.P.
6001 Bridge Street, Suite 102
Fort Worth, Texas 76112-2619
Telephone: (817) 446-8080
Facsimile: (817) 446-8084
Email:   lhallmon@fphlaw.com

ATTORNEYS FOR INTERVENING PLAINTIFF
GLORIA STOKES

## CERTIFICATE OF SERVICE

The undersigned certifies that on October 6, 2014, the foregoing was electronically filed with the Clerk of the Court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented to accept said Notice as service of this document by electronic means:

Russell W. Schell
Jennifer Martin
Schell Cooley L.L.P.
15455 Dallas Parkway, Suite 550
Addison, Texas 75001

Suzanne M. Anderson
Meaghan L. Shepard
Robert A. Canino, Jr.
Equal Employment Opportunity Commission
Dallas District Office
207 Houston Street, 3rd Floor
Dallas, Texas 75202

/s/ Laura Hallmon
Laura Hallmon