IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>　　　Plaintiff<br><br>and<br><br>GLORIA STOKES,<br><br>　　　Intervenor and Plaintiff<br>v.<br><br>EMCARE, INC.,<br><br>　　　Defendant. | CIVIL ACTION NO. 3:11-cv-02017-P<br>ECF |

---

**INTERVENING PLAINTIFF'S OBJECTIONS TO DEFENDANT'S EXHIBITS AND WITNESSES**

---

COMES NOW, Intervening Plaintiff Gloria Stokes (hereafter "Stokes") and files these her Objections to Defendant's Exhibits and Defendant's Witnesses.

## I. DEFENDANT'S EXHIBITS

Stokes requests that the parties, counsel for the parties, and through counsel, any and all witnesses be instructed to refrain from asking about or mentioning, directly or indirectly, any testimony or documents regarding the following:

A.　　Stokes objects to any evidence or testimony regarding **Defendant's Exhibit No. 2** as more than a single-page (job description only) document. Stokes specifically testified that she did not sign a signature page along with this job description and that while

she did see the first page of Exhibit No. 2, there was no second-page to it when it was presented to her. Accordingly, the origin of the second-page of this exhibit is unknown but the suggestion that it is the second-page of the job description is hearsay. FED. R. EVID. 802 and 901.

B. Stokes objects to any evidence or testimony regarding **Defendant's Exhibit No. 8** as it is replete with hearsay and the best evidence of the hearsay statements therein are witnesses whom Defendant can simply call to testify on these matter such that Plaintiffs would have an opportunity to cross-examine them. FED. R. EVID. 802.

C. Stokes objects to any evidence or testimony regarding **Defendant's Exhibit No. 9** as it, too, is wholly hearsay, is incomplete and is unclear. Further, due to the fact that Mr. Johnson cannot be located, Defendant will be unable to lay the appropriate foundation in order to authenticate these notes. FED. R. EVID. 802 and 901.

D. Stokes objects to any evidence or testimony regarding **Defendant's Exhibit No. 10** as it likewise hearsay and the best evidence of the hearsay statements therein is Mr. Greer, whom Defendant can simply call to testify on these matter such that Plaintiffs would have an opportunity to cross-examine her on the topics purportedly represented by this exhibit. FED. R. EVID. 802.

E. Stokes objects to any evidence or testimony regarding **Defendant's Exhibit No. 18** as it is incomplete as well as irrelevant and therefore inadmissible. Further, it should be excluded under FED. R. EVID. 403 in that its probative value is substantially outweighed by a danger of unfair prejudice, confusion of the issues and/or result and misleading the jury in suggesting it was a basis for Stokes's termination from Defendant. FED. R. EVID. 402 and 403.

F. Stokes objects to any evidence or testimony regarding **Defendant's Exhibit No. 19** for the reasons discussed in Intervening Plaintiff's Motion in Limine at paragraph 12 concerning the irrelevance of reference to the recording studio which Stokes co-owns with her husband as to either Intervening Plaintiff's claims or damages in the present suit. Alternatively, should the Court deem this evidence relevant, its probative value is substantially outweighed by the danger of unfair prejudice and as such, Stokes would request its exclusion. FED. R. EVID. 401, 402 and 403.

G. Stokes objects to any evidence or testimony regarding **Defendant's Exhibit No. 21** for the reasons discussed in Intervening Plaintiff's Motion in Limine at paragraph 12 concerning the irrelevance of collateral source evidence. FED. R. EVID. 401 and 402.

H. Stokes objects to any evidence or testimony regarding **Defendant's Exhibit No. 25** in that Defendant's use of it would be only to unfairly prejudice and mislead the jurors into believing that the issue discussed therein relates to Plaintiff Shaw's work performance. FED. R. EVID. 403.

I. Stokes objects to any evidence or testimony regarding **Defendant's Exhibit No. 34**.

J. Stokes objects to any evidence or testimony regarding **Defendant's Exhibit No. 41** for the reasons discussed in Intervening Plaintiff's Motion in Limine at paragraph 12 (and incorporates said argument by reference as if fully copied herein) concerning the irrelevance of reference to the recording studio which Stokes co-owns with her husband as to either Intervening Plaintiff's claims or damages in the present suit. Alternatively, should the Court deem this evidence relevant, its probative value is substantially outweighed by the

danger of unfair prejudice and as such, Stokes would request its exclusion. FED. R. EVID. 401, 402 and 403.

K. Stokes objects to any evidence or testimony regarding **Defendant's Exhibit No. 42** for the reasons discussed in Intervening Plaintiff's Motion in Limine at paragraph 12 (and incorporates said argument by reference as if fully copied herein) concerning the irrelevance of reference to the recording studio which Stokes co-owns with her husband as to either Intervening Plaintiff's claims or damages in the present suit. Alternatively, should the Court deem this evidence relevant, its probative value is substantially outweighed by the danger of unfair prejudice and as such, Stokes would request its exclusion. FED. R. EVID. 401, 402 and 403.

L. Stokes objects to any evidence or testimony regarding **Defendant's Exhibit No. 43** for the reasons discussed in Intervening Plaintiff's Motion in Limine at paragraph 12 (and incorporates said argument by reference as if fully copied herein) concerning the irrelevance of reference to the recording studio which Stokes co-owns with her husband as to either Intervening Plaintiff's claims or damages in the present suit. Alternatively, should the Court deem this evidence relevant, its probative value is substantially outweighed by the danger of unfair prejudice and as such, Stokes would request its exclusion. FED. R. EVID. 401, 402 and 403.

M. Stokes objects to any evidence or testimony regarding **Defendant's Exhibit No. 44** as to reference to the recording studio which Stokes co-owns with her husband for the reasons discussed in Intervening Plaintiff's Motion in Limine at paragraph 12 (and incorporates said argument by reference as if fully copied herein) concerning the irrelevance thereof as to either Intervening Plaintiff's claims or damages in the present suit.

Alternatively, should the Court deem this evidence relevant, its probative value is substantially outweighed by the danger of unfair prejudice and as such, Stokes would request its exclusion. FED. R. EVID. 401, 402 and 403.

## II. DEFENDANT'S WITNESSES

Stokes objects to the following witnesses identified in Defendant's Witness List:

### A.     Lewis Johnson

Mr. Johnson, the former Human Resources Manager for the Defendant, is a critical witness and one who Plaintiffs have attempted to subpoena for deposition on several occasions without success. Defendant represented to the EEOC that it had no information about Mr. Johnson that would aid in finding Mr. Johnson and/or serving him with a subpoena. Defendant did not supplement its discovery responses with any additional up-to-date contact information for Mr. Lewis. FED. R. CIV. PRO. 37(c)(1) imposes a mandatory sanction prohibiting the introduction of evidence or witness testimony that -- without substantial justification -- has not been disclosed as required by Rule 26(a). If the Defendant is suddenly able to produce Lewis Johnson at trial, doing so would constitute unfair surprise and prejudice Stokes.

### B.     Undra McDowell

As discussed in Intervening Plaintiff's Motion in Limine at paragraph 11, Stokes respectfully moves this Court to exclude from evidence all testimony of her husband, Undra McDowell, pursuant to FED. R. EVID. 402 and 403. None of the testimony sought from Mr. McDowell is relevant to the elements of the claims at issue here, and would only serve to delay the proceedings, prejudice the jurors and waste time.

### C. Arva Peters

Ms. Peters is designated as a "Corporate Representative" at Child Care Associates, an employer of Ms. Stokes after she was fired by the Defendant. As discussed in Intervening Plaintiff's Motion in Limine at paragraph 3, any testimony by Ms. Peters is not relevant pursuant to FED. R. EVID. 401 and 402. Stokes objects to Ms. Peters being called as a witness at trial because she was not listed on the Defendant's Initial or Supplemental Disclosures. Although the Defendant did identify a representative from Child Care Associates in its Fourth Supplemental Disclosures dated February 22, 2013, that person was CEO John Whitcamp, cited as the person whom Ms. Stokes accused of misrepresenting documents to the federal government. In its Witness List, Defendant proffers Ms. Peters as a person who will testify "as to the reason Ms. Stokes was terminated from her position at Child Care Associates." Further, as Stokes presents no claim for back pay damages following her separation from employment with Child Care Associates, any evidence concerning the circumstances therefore would be outweighed by a danger of unfair prejudice confusing the issue and misleading the jury. Accordingly, Stokes respectfully requests exclusion of any testimony by Ms. Peters pursuant to FED. R. EVID. 403.

### CONCLUSION

WHEREFORE, premises considered, Stokes respectfully requests that this Court grant her Objections to Defendant's Exhibits and to Defendant's Witnesses and order that no mention be made of same.

 

Respectfully submitted,

/s/ Laura Hallmon
Laura Hallmon
Texas Bar No. 24004312

FIELDING, PARKER & HALLMON, L.L.P.
6001 Bridge Street, Suite 102
Fort Worth, Texas 76112-2619
Telephone: (817) 446-8080
Facsimile: (817) 446-8084
Email: lhallmon@fphlaw.com

ATTORNEYS FOR INTERVENING PLAINTIFF
GLORIA STOKES

## CERTIFICATE OF CONFERENCE

The undersigned certifies that on the 7th day of October, 2014, a conference was held with Jennifer Martin, counsel for Defendant regarding Intervening Plaintiff's Objections to Defendant's Exhibits and Witnesses in order to determine whether there are any issues herein on which the parties might reach agreement. Counsel for Defendant indicated that no agreement could be reached as to any of the issues herein. Accordingly, these objections are presented to the Court for consideration.

/s/ Laura Hallmon
Laura Hallmon

Case 3:11-cv-02017-P   Document 85   Filed 10/08/14   Page 8 of 8   PageID 852

## CERTIFICATE OF SERVICE

The undersigned certifies that on October 8, 2014, the foregoing was electronically filed with the Clerk of the Court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented to accept said Notice as service of this document by electronic means:

Russell W. Schell
Jennifer Martin
Schell Cooley L.L.P.
15455 Dallas Parkway, Suite 550
Addison, Texas 75001

Meaghan L. Shepard
Suzanne M. Anderson
Robert A. Canino, Jr.
Equal Employment Opportunity Commission
Dallas District Office
207 Houston Street, 3rd Floor
Dallas, Texas 75202

                                        /s/ Laura Hallmon
                                        Laura Hallmon